UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| SHAYNE WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO STRIKE (DOC. NO. 3)**<br><br>Case No. 2:24-cv-00928<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

In this insurance dispute, State Farm Mutual Automobile Insurance Company moves to strike portions of Shayne Williams' complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.[1] Mr. Williams opposes the motion.[2] Because State Farm fails to show the challenged allegations are scandalous, immaterial, or prejudicial, the motion is denied.

## BACKGROUND

According to Mr. Williams' complaint, on October 19, 2022, an uninsured driver collided with his vehicle in Bluffdale, Utah.[3] Mr. Williams suffered permanent injuries and impairments.[4] At the time, he had an automobile insurance policy with State Farm,

---

[1] (Def.'s Mot. to Strike (Mot.), Doc. No. 3.)

[2] (Pl.'s Opp'n to Mot. (Opp'n), Doc. No. 14.)

[3] (Compl. ¶¶ 32–36, Doc. No. 2-1.)

[4] (*Id.* ¶¶ 39–41.)

which included Uninsured Coverage and Personal Injury Protection Coverage.[5] Because the other driver was uninsured, Mr. Williams filed a claim with State Farm under the policy on April 12, 2024, providing documentation detailing his injuries and losses.[6] State Farm refused to pay, discounted the documentation, and offered Mr. Williams an amount he alleges the company knew was unfair, unreasonable, and too low for his injuries.[7] He alleges State Farm knowingly failed to act in good faith to fairly and diligently investigate and evaluate his injuries, impairments, losses, and claims.[8] As a result, Mr. Williams filed this action against State Farm, asserting claims for breach of contract and breach of the implied covenant of good faith and fair dealing.[9] State Farm seeks an order striking some of Mr. Williams' specific allegations, arguing they are scandalous and immaterial.

## LEGAL STANDARD

Under Rule 12(f), a "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."[10] Motions to strike are generally

---

[5] (Compl. ¶ 22, Doc. No. 2-1.) Uninsured motorist coverage is insurance coverage that pays for injuries and, in some circumstances, property damage by uninsured drivers. (*Id.* ¶ 20.)

[6] (*Id.* ¶¶ 42–44.)

[7] (*Id.* ¶¶ 45–49.)

[8] (*Id.* ¶ 50.)

[9] (*Id.* ¶¶ 52–62.)

[10] Fed. R. Civ. P. 12(f).

"viewed with disfavor by the federal courts and are infrequently granted."[11]  Striking pleadings is a "drastic remedy"[12] such that courts "should proceed with extreme caution in striking a pleading."[13]  The judicial consensus is to deny Rule 12(f) motions unless the allegations at issue are wholly unrelated to the case and the movant will suffer significant prejudice if they remain in the pleading.[14]  "Any doubt as to the utility of the material to be stricken should be resolved against the motion to strike."[15]

## DISCUSSION

State Farm moves to strike paragraphs 6 through 12 of Mr. Williams' complaint under Rule 12(f).  Those allegations provide:[16]

---

[11] *United States v. Patriot Ordnance Factory USA Mach. Gun, P-416 Rifle, Serial No. 08-00625*, 378 F. Supp. 3d 1099, 1101 (D. Utah 2019) (citation omitted).  It is within the court's discretion whether to grant or deny a motion to strike.  *Scherer v. U.S. Dep't of Educ.*, 78 F. App'x 687, 689 (10th Cir. 2003) (unpublished) (citing *Nielsen v. Moroni Feed Co.*, 162 F.3d 604, 606 n.3 (10th Cir. 1998)).

[12] *Tiscareno v. Frasier*, No. 2:07-CV-336, 2012 U.S. Dist. LEXIS 55553, at *36 (D. Utah Apr. 19, 2012) (unpublished) (citing *Stanbury Law Firm v. IRS,* 221 F.3d 1059, 1063 (8th Cir.2000) (explaining "striking a party's pleadings is an extreme measure")).

[13] *Colo. Milling & Elevator Co. v. Howbert*, 57 F.2d 769, 771 (10th Cir. 1932).

[14] *See* 5C Wright & Miller's Federal Practice & Procedure § 1382 (3d ed. 2025) (explaining "there appears to be general judicial agreement . . . in the extensive case law on the subject" that Rule 12(f) motions to strike "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action").

[15] *Greer v. Moon*, No. 2:24-CV-00421, 2024 U.S. Dist. LEXIS 170301, at *10 (D. Utah Sept. 19, 2024) (unpublished) (citation omitted).

[16] Mr. Williams' footnotes, citing online reports and statistics in support of the assertions in paragraphs 6 through 12 of the complaint, are not included here.

*The Insurance Industry*

6. The insurance industry is a big business. In fact, the U.S. insurance industry routinely collects over $1 trillion in premiums annually.

7. The U.S. insurance industry has assets worth more than the GDPs of most countries in the world.

8. Insurance companies profit by retaining premiums and not paying on claims. Accordingly, insurance companies, deny, delay, defend—do anything, in fact to avoid paying claims.

*State Farm Insurance Company*

9. For its part, State Farm is a large and very profitable company.

10. In 2022 State Farm boasted a net worth of $134.8 billion.

11. In 2023 State Farm issued a record $118 billion in new policy volume.

12. In 2023 State Farm collected total revenue of $104.2 billion.[17]

State Farm argues paragraphs 6 through 8 are scandalous and immaterial because they contain allegations against the insurance industry as a whole and have no essential or important relationship to Mr. Williams' contract-based claims.[18] State Farm contends the allegations are highly prejudicial because they would inflame a jury's passion to favor the "little guy."[19] According to State Farm, the company's profitability is

---

[17] (Compl. ¶¶ 6–12, Doc. No. 2-1.)

[18] (Mot. 1–3, Doc. No. 3 (citing *Gillespie v. Mutual of Enumclaw Ins. Co.*, No. 2:23-cv-108, 2023 U.S. Dist. LEXIS 54468, at *6 (D. Utah Mar. 28, 2023) (unpublished)).)

[19] (*Id.* at 3.)

immaterial to the breach claims and alleged damages where State Farm is not claiming it lacked financial resources to investigate the insurance claim and Mr. Williams is not seeking punitive damages.[20]  State Farm similarly argues these allegations would prejudicially inflame a jury to focus on how big and profitable State Farm is rather than the accident and alleged injuries.[21]

In response—noting the citations supporting the allegations (including to State Farm's own press releases)—Mr. Williams contends the allegations are not scandalous because they do not degrade State Farm's moral character, contain repulsive language, or detract from the dignity of the court.[22]  He argues paragraphs 6 through 8 are material because they describe a pattern of bad faith in the industry of delaying and denying claims to increase profits—a pattern he alleges State Farm followed when handling his insurance claim.[23]  Paragraphs 9 through 12, according to Mr. Williams, show State Farm's profitability and growth from this pattern, and are material to the company's motive for breaching the insurance policy, its bad faith, and its resources to diligently investigate Mr. Williams' insurance claim.[24]  Finally, Mr. Williams contends the challenged allegations are not prejudicial because they do not confuse the issues, are

---

[20] (*Id.*)

[21] (*Id.* at 3–4.)

[22] (Opp'n 4–5, Doc. No. 14.)

[23] (*Id.* at 5.)

[24] (*Id.* at 5–6.)

not graphic, explicit, or inflammatory, and they may not even be entered into evidence or seen by a jury.[25]

The motion is denied because State Farm has not shown the allegations are scandalous, immaterial, or prejudicial. First, to be stricken as scandalous, allegations must improperly cast a derogatory light on a party so as to degrade the party's moral character.[26] State Farm only summarily argues paragraphs 9 through 12 are scandalous, and for good reason—the material is reflected in State Farm's own online press release.[27] Nor does State Farm substantively argue paragraphs 6 and 7 are scandalous (and it is difficult to envisage how allegations about the insurance industry's size and profitability is degrading).[28] State Farm, instead, urges this court to strike paragraph 8 because the court in *Gillespie v. Mutual of Enumclaw Insurance Company*[29] found a similar paragraph "scandalous, as it degrades the moral character of Defendant and the entire insurance industry."[30]

---

[25] (*Id.* at 6–7.)

[26] *See Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015); *Aoki v. Benihana, Inc.,* 839 F. Supp. 2d 759, 764 (D. Del. 2012); *see also Greer*, 2024 U.S. Dist. LEXIS 170301, at *11 ("If the unflattering or negative information does not rise to the level of degrading any party's moral character, it is not scandalous under Rule 12(f).").

[27] (Compl. ¶¶ 9–12, Doc. No. 2-1 (citing *State Farm Announces 2023 Financial Results*, State Farm (Feb. 29, 2024), https://newsroom.statefarm.com/2023-financial-results [https://perma.cc/NUZ2-BSB2]).)

[28] (*Id.* ¶¶ 6–7.)

[29] 2023 U.S. Dist. LEXIS 54468.

[30] *Id.* at *6.

*Gillespie* is neither binding nor persuasive.  In *Gillespie*, the court did not explain how the allegations degraded the defendant's moral character.  And paragraph 8 of the complaint in this case does not rise to the level of degrading State Farm's moral character.  It alleges insurance companies profit by retaining premiums and doing anything they can to avoid paying claims.  Retaining profits and mitigating losses is arguably a cornerstone of most companies' moral compass.  State Farm may be particularly bothered by paragraph 8's subtext (apparent in the context of the rest of the complaint)—the suggestion that the company acted in bad faith to mitigate losses on Mr. Williams' claim.  But that is Mr. Williams' theory.  State Farm's distaste for and disagreement with that theory does not merit a finding that paragraph 8 is scandalous.[31]

Second, the challenged allegations are not immaterial.  Allegations will be stricken as immaterial under Rule 12(f) only if they have no possible bearing on the controversy.[32]  Courts typically deny motions to strike if any doubts exist on the

---

[31] *See Greer*, 2024 U.S. Dist. LEXIS 170301, at *11 ("It is not enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action."); *see also Hochroth v. William Penn Life Ins. Co. of New York*, No. 03CIV.7286, 2003 U.S. Dist. LEXIS 22816, at *3 (S.D.N.Y. Dec. 19, 2003) (unpublished) ("It is well established that the plaintiff is the 'master of his complaint' and may characterize his causes of action as he pleases." (quoting *Mizuho Corp. Bank (USA) v. Cory & Assocs., Inc.* 341 F.3d 644, 651 (7th Cir.2003))).

[32] *See Chilcoat v. San Juan Cnty.*, No. 4:19-CV-00027, 2025 U.S. Dist. LEXIS 74650, at *3 (D. Utah Apr. 17, 2025) (unpublished); *Greer*, 2024 U.S. Dist. LEXIS 170301, at *10 (unpublished); *Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997) (collecting cases); *see also Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) (noting immaterial matter includes allegations that have "no essential or important relationship to the claim").

materiality of the allegations.[33]  Paragraphs 6 through 12 generally allege the insurance industry is profitable, companies profit by avoiding paying claims, and State Farm is very profitable within that industry.  These allegations are not wholly unrelated to this case.  As noted, Mr. Williams claims State Farm acted in bad faith in processing his insurance claim.  His theory appears to be that the company followed this industry pattern to increase profits.  Accordingly, the challenged allegations have some bearing on this case, and any doubt is resolved in favor of not striking them.

Third, State Farm fails to show it would be prejudiced if the allegations are not stricken.  Parties generally must show prejudice to succeed on a Rule 12(f) motion to strike—even if allegations are immaterial.[34]  An allegation is prejudicial when it "confuses the issues or is so lengthy and complex that it places an undue burden on the responding party."[35]  The challenged allegations here are not complex and do not

---

[33] *See*, *e.g.*, *Doe v. Intermountain Healthcare, Inc.*, No. 2:18-cv-00807, 2022 U.S. Dist, LEXIS 11356, at *39 (D. Utah Jan. 20, 2022) (unpublished); *Llewellyn-Jones v. Metro Prop. Grp., LLC*, 22 F. Supp. 3d 760, 776 (E.D. Mich. 2014); *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

[34] *See Chilcoat*, 2025 U.S. Dist. LEXIS 74650, at *3 (citing *Sierra Club*, 173 F.R.D. at 285); *see also Keshav, LLC v. Arch Specialy Ins. Co.*, No. CIV-20-586, 2020 U.S. Dist. LEXIS 263321, at *3 (W.D. Okla. Aug. 26, 2020) (unpublished) ("Although the Court is equally skeptical as to the relevance of paragraph 17 to support the claims alleged, the Court finds no identifiable prejudice to Defendant."); *Rawson v. Sears Roebuck & Co.*, 585 F. Supp. 1393, 1397 (D. Colo. 1984) (denying a motion to strike allegations because, although they were immaterial, the defendant failed to also demonstrate it would be prejudiced if the allegations were not stricken).

[35] *See Greer*, 2024 U.S. Dist. LEXIS 170301, at *10; *Doe*, 2022 U.S. Dist. LEXIS 11356, at *37.

confuse the issues in this case. State Farm has answered the complaint,[36] suggesting it understood the allegations, and there is no reason to believe the company is unable to defend against them moving forward.[37] And State Farm has not shown it will be prejudiced on the grounds that the jury, if it ever sees these allegations, may be confused by inflamed passion. At this early stage of the case, that harm is merely speculative.[38]

---

[36] (Answer to Compl., Doc. No. 5.)

[37] *Compare*, *e.g.*, *Fed. Deposit Ins. Corp. v. Wise*, 758 F. Supp. 1414, 1420 (D. Colo. 1991) (striking portions of a complaint that caused undue prejudice to the defendants because they were "unable to frame a responsive pleading or a defense") *with Smith v. Corecivic, Inc.*, No. 3:20-cv-00563, 2023 U.S. Dist. LEXIS 67548, at *7–8 (M.D. Tenn. Apr. 18, 2023) (unpublished) (rejecting the defendants' claim that "having to respond to the allegations is prejudicial" because they "already answered the pleading, and simply being required to admit or deny factual allegations is not prejudicial").

[38] *See Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 821 (7th Cir. 2001) ("We also take this opportunity to advise defense counsel against moving to strike extraneous matter unless its presence in the complaint is actually prejudicial to the defense." (citing *Stanbury Law Firm, P.A. v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) (per curiam))); *see also Smith*, 2023 U.S. Dist. LEXIS 67548, at *8 (denying motion to strike allegations the defendant claimed would potentially predispose a jury to be biased, explaining "the court can cross that bridge when it gets to it").

## CONCLUSION

The motion to strike[39] is denied. State Farm fails to show the challenged allegations are scandalous, immaterial, or prejudicial.

DATED this 16th day of September, 2025.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[39] (Doc. No. 3.)